UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDYTA GRYGLAK,<br><br>              Plaintiff,<br>v.<br>HSBC BANK USA, N.A., *et al*.,<br>              Defendants. | Case No. 2:17cv-01514-JCM-NJK<br><br>ORDER |

      Presently before the court is defendants HSBC Bank USA, N.A. ("HSBC"), Wells Fargo Assert Securities Corporation ("WFASC"), and Wells Fargo Bank, N.A.'s ("Well Fargo") (collectively, "defendants") motion for summary judgment. (ECF No. 45). Plaintiff Edyta Gryglak ("plaintiff") filed a response (ECF No. 56), to which defendants replied (ECF No. 63).

      Also before the court is defendants' motion to strike. (ECF No. 58). Plaintiff filed a response (ECF No. 66), to which defendants replied (ECF No. 72).

      Lastly before the court is plaintiff's motion for preliminary injunction. (ECF No. 74). Defendants filed a response (ECF No. 77), to which plaintiff replied. (ECF No. 85).

**I.    Facts**

      This is an action for breach of contract arising out of a mortgage loan plaintiff received from Wells Fargo in the original amount of $748,000.00. (ECF No. 14-1). The loan was secured by real property located at 1938 Grey Eagle Street, Henderson, Nevada, ("the property") pursuant to a deed of trust in favor of Wells Fargo. *Id*.

      On March 1, 2011, plaintiff filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada ("bankruptcy

court"). (ECF No. 56 at 8). On August 22, 2011, plaintiff filed an amended plan of reorganization (the "POR"), which was confirmed on October 18, 2011. *Id.* The POR provided the following with respect to Wells Fargo's loan:

> **CLASS TWO - HSBC BANK/WELLS FARGO HOME MORTGAGE CLAIM AGAINST 1938 GREY EAGLE STREET** - This first mortgage shall be reamortized and rescheduled based on a property value, and therefore the amount due under the reamortized schedule, of $360,000. The interest rate shall be 4.5 percent over a 30 year fixed schedule. Monthly payments of $1,824.07 shall begin on the effective date of the Plan and shall continue for a total term of 360 months.

(ECF No. 56-1 at 3–4).

Following confirmation of the POR, plaintiff asserts that she sent Wells Fargo monthly checks for the plan-mandated mortgage payment amount of $1,824.07, in December 2011 and January 2012. (ECF No. 56-6 at 3) (plaintiff's interrogatory responses). However, Wells Fargo never accepted the payments or applied them to plaintiff's account. *Id.* Wells Fargo disputes that it ever received the alleged payments. (ECF No. 45 at 39) (Wells Fargo deposition testimony).

In May 2012, after receiving notice that Wells Fargo had initiated foreclosure proceedings on the property, plaintiff reached out to the law firm that represented her in her 2011 bankruptcy and asked them to contact Wells Fargo regarding her missing payments. (ECF No. 56-15). After plaintiff's counsel made numerous attempts to make meaningful contact with Wells Fargo regarding plaintiff's payment schedule, all to no avail, Wells Fargo foreclosed on the property on June 25, 2012. *Id.* (ECF No. 56 at 12).

In response, on July 10, 2012, plaintiff filed a motion with the bankruptcy court, seeking to vacate the foreclosure sale on the grounds that plaintiff had attempted to make payments under the POR, which were all refused by Wells Fargo. (ECF No. 56-13). Thereafter, on October 12, 2012, plaintiff and Wells Fargo filed a stipulated order vacating the foreclosure sale and imposing sanctions against Wells Fargo to reimburse plaintiff and the purchaser at the foreclosure for their attorneys' fees and costs. (ECF No. 56-14).

In January 2013, plaintiff made a payment of $21,888.84 ("January 2013 payment") to cure her 2012 deficiency. (ECF No. 45 at 4). Plaintiff also made two separate payments of

approximately $2,500 in 2013, which were received and deposited by Wells Fargo. (ECF No. 45 at 42–43).

Plaintiff testified at her deposition that she did not send any payments between 2014 and 2018 because Wells Fargo refused to deposit her checks. (ECF No. 45 at 27). However, in lieu of sending her payments, plaintiff testified that she had been storing her monthly payments in her home safe. *Id.* As a result of plaintiff's continued failure to pay her mortgage, Wells Fargo initiated another foreclosure proceeding on the property in January 2016. (ECF No. 56 at 15); (ECF No. 56-16). Plaintiff elected to participate in the State of Nevada Foreclosure Mediation Program ("FMP"). *Id.* The FMP declined to issue a certificate of foreclosure, as Wells Fargo failed to send a representative with the authority to speak on its behalf. *Id.* The FMP declined to issue a certificate of foreclosure again in January of 2017, for Wells Fargo's failure to attend the mediation. (ECF No. 56-17).

Plaintiff initiated this action on May 28, 2017. (ECF No. 1). In her sole remaining claim for breach of contract, plaintiff asserts that Wells Fargo has breached the POR by failing to accept her monthly mortgage payments, continuing to initiate foreclosure proceedings on the property, and reporting that plaintiff is in default of her mortgage. *Id.* Additionally, plaintiff has filed the instant motion for preliminary injunction to prevent defendants from foreclosing upon her home pending resolution of her breach of contract claim. (ECF No. 74).

**II.     Legal Standard**

   *a. Summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to

be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that

shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### b. Preliminary injunction

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. "Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted." *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976). "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 U.S. Dist. LEXIS 164045, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

This court must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).

The party seeking the injunction must satisfy each element; however, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a

weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotations marks omitted).

Finally, to obtain injunctive relief, plaintiff must show it is "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009)).

### III. Discussion

*a. Defendants' motion for summary judgment*

Defendants now move for summary judgment, arguing that plaintiff has failed to establish sufficient evidence to support her sole remaining claim for breach of contract. (ECF No. 45). The court agrees.

To prevail on a claim for breach of contract, a plaintiff must demonstrate (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2001); *see also Sierra Dev. Co. v Chartwell Advisory Group, Ltd.*, 223 F. Supp. 3d 1098, 1103 (D. Nev. 2016).

The contract that plaintiff seeks to enforce through this breach of contract action is her POR, which the bankruptcy court confirmed on October 18, 2011. *See* (ECF No. 1). Plaintiff attempts to show that Wells Fargo breached the POR by failing to accept her monthly mortgage payments, continuing to initiate foreclosure proceedings on the property, and reporting that plaintiff is in default of her mortgage. *Id.*

Defendants argue in their motion for summary judgment that plaintiff cannot establish that she performed under the terms of her POR, and thus cannot prevail on her claim for breach

of contract.[1]  (ECF No. 45 at 8).  Indeed, it is undisputed that plaintiff has not mailed any mortgage payments to Wells Fargo since 2014.  (ECF No. 45 at 27) (plaintiff's deposition).  Plaintiff submits that her nonperformance is excused by Wells Fargo's alleged failure to accept the payments she *did* attempt to mail prior to 2014.  (ECF No. 56 at 17).

The court finds that the record in this case does not clearly demonstrate that either party is entitled to summary judgment.  The parties have set forth a convoluted history of events, each blaming the other for the series of performance issues under the POR.  Plaintiff has testified that she sent Wells Fargo mortgage payments that it refused to cash.  This testimony, while self-serving, is substantiated by Wells Fargo's history of refusing to accept plaintiff's mortgage payments, which resulted in the bankruptcy court's vacating the 2012 foreclosure sale and imposing sanctions upon Wells Fargo.  (ECF No. 56-14).  On the other hand, Wells Fargo's representative has testified that Wells Fargo has no record of plaintiff's alleged payments, and that it would have accepted such payments had it received them.  (ECF No. 63-1 at 7).

At summary judgment, the court is not permitted to weigh the credibility of conflicting testimony and evidence.  *See Anderson*, 477 U.S. at 249.  Rather, the court must determine whether there is a genuine dispute of material fact for trial.  *Id.*  Such is the case here.  Indeed, absent any documentary evidence tending to substantiate the parties' contradicting testimony, the court finds that these issues of fact must be submitted to a jury at trial.  Accordingly, Wells Fargo's motion for summary judgment is denied.

   b. *Motion for preliminary injunction*

While the court has denied Wells Fargo's motion for summary judgment, it nevertheless finds that plaintiff has not demonstrated that she is entitled to a preliminary injunction in this case.  Plaintiff has set forth just enough evidence to preclude summary judgment in this case; however, the court finds that she has fallen far short of demonstrating a "likelihood of success on the merits," as is required to obtain a preliminary injunction.  *Winter*, 555 U.S. at 20; *Stanley*, 13

---

[1] Wells Fargo offers other arguments in favor of its motion; however, these arguments are based on mischaracterizations of the factual premises of plaintiff's breach of contract claim against it. *See* (ECF No. 45).

7

F.3d at 1319.

Moreover, the court finds that plaintiff's motion fails to adequately address the remaining factors of the *Winter* test, all of which the court must find are satisfied prior to granting a preliminary injunction. *See* (ECF No. 74). Plaintiff cites one Ninth Circuit case, which plaintiff submits in support of her argument that "the irreparable harm, balance of equities, and public interest elements are usually satisfied" in cases such as these. (ECF No. 74). This vague, boilerplate statement is not sufficient to warrant granting the extraordinary relief of a preliminary injunction, especially in light of plaintiff's failure to demonstrate a likelihood of success on the merits.

  c. *Motion to strike*

Wells Fargo filed a motion to strike the declaration of Phil Neuman, which plaintiff submitted in support of her opposition to defendants' motion for summary judgment (ECF No. 64). Because the court did not rely on Phil Neuman's declaration in ruling on defendants' motion for summary judgment, defendant's motion to strike is denied as moot. (ECF No. 64).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment (ECF No. 45) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for preliminary injunction (ECF No. 74) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to strike (ECF No. 64) be, and the same hereby is, DENIED as moot.

DATED THIS 11th day of July 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

8