UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDYTA GRYGLAK, | Case No. 2:17-CV-1514 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| HSBC BANK USA, N.A., et al., | |
| Defendant(s). | |

Presently before the court is defendants HSBC Bank USA, N.A., as trustee for Wells Fargo Home Equity Asset-Backed Certificates, Series 2006-3, by its Attorney-in-fact Wells Fargo Bank, N.A.; Wells Fargo Bank, N.A.; and Wells Fargo Asset Securities Corporation's (collectively, "Wells Fargo") motion to execute on bond. (ECF No. 111). Plaintiff Edyta Gryglak filed a response (ECF No. 112), to which defendants replied (ECF No. 117).

Also before the court is plaintiff's motion for partial summary judgment on defendant's claim for wrongful injunction. (ECF No. 115). Defendants responded (ECF No. 121), to which plaintiff replied (ECF No. 125).

Also before the court is plaintiff's motion for release of bond obligation. (ECF Nos. 113 & 116). Defendants responded (ECF No. 122), and plaintiff replied (ECF No. 126).

I.      Background

This action arises from plaintiff's home loan from Wells Fargo in the amount of $748,000 for the purchase of real property located at 1938 Grey Eagle Street, Henderson, Nevada 89074 (the "property"). (ECF No. 1). Plaintiff eventually defaulted on her loan obligations and filed for Chapter 11 bankruptcy in March 2011. (*Id.*). Her bankruptcy plan implemented a "cram down," valuing the property at $360,000 and providing for monthly payments of $1,824.07, consisting of

James C. Mahan
U.S. District Judge

1     principal and interest.  (ECF No. 47).  Wells Fargo asserts that it never received payments from

2     plaintiff, and initiated foreclosure proceedings against the property in January 2016.  (*Id.*).

3              Plaintiff initiated the instant suit in May 2017, alleging five causes of actions.  (ECF No.

4     1).  In February 2018, this court dismissed all of plaintiff's claims except one—breach of contract,

5     asserting that Wells Fargo refused to accept her monthly mortgage payments in violation of her

6     bankruptcy's reorganization plan.  (ECF No. 25).  A foreclosure sale was scheduled for October

7     2, 2019, and then December 6, 2019.  (ECF No. 111).  Defendant moved for summary judgment

8     on the remaining claim, (ECF No. 45), and plaintiff moved for a preliminary injunction of the

9     scheduled foreclosure sale, (ECF No. 74).  This court denied both.  (ECF No. 86).  Upon plaintiff's

10    interlocutory appeal, the Ninth Circuit panel stayed the foreclosure sale while the court of appeals

11    reached the question of preliminary injunction.  (ECF No. 89).  On limited remand—and again on

12    reconsideration—this court determined that the instant amount in bond was appropriate based on

13    plaintiff's representations.  (ECF Nos.  94 & 101).  Plaintiff did not offer the appropriate amount

14    in bond until the Ninth Circuit informed her that it would lift the stay on December 5, one day

15    before the sale.  (ECF No. 111).  Her ultimate compliance with this order stopped the December 6

16    sale until the Ninth Circuit ruled on this court's denial of preliminary injunction.  On May 13,

17    2020, the Ninth Circuit affirmed this court.  (ECF Nos. 107 & 108).

18             Defendants move to execute on bond, (ECF No. 111), and plaintiff moves for partial

19    summary judgment on the issue of wrongful injunction and release of bond, (ECF Nos. 115 &

20    116).

21    **II.      Legal Standard**

22             Federal Rule of Civil Procedure 65 provides that a district court "may issue a preliminary

23    injunction or a temporary restraining order only if the movant *gives security* in an amount that the

24    court considers proper to pay the costs and damages sustained by any party found to have been

25    wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c) (emphasis added).  This same principle

26    applies when a party "has been enjoined in order to preserve the status quo pending appeal."  *Glob.*

27    *Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 21 (1st Cir. 2007); *see also Nintendo of*

28    *Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994).

**James C. Mahan**
**U.S. District Judge**

1       To execute on a bond, an enjoined party must establish (1) that it was wrongfully enjoined,

2  and (2) that it suffered injury as a result of the injunction.  *See Matek v. Murat*, 862 F.2d 720, 733

3  (9th Cir. 1988).  "[A] party has been wrongfully enjoined within the meaning of Rule 65(c) when

4  it turns out the party enjoined had the right all along to do what it was enjoined from

5  doing." *Nintendo*, 16 F.3d at 1036.  After it is determined that the moving party was wrongfully

6  enjoined, the court must next find that party is "entitled to have the bond executed in its

7  favor." *Id.*  "An improperly enjoined party may not demand damages on the bond simply because

8  the injunction was improperly granted." *Matek,* 862 F.2d at 733.  The injury must be proximate

9  to the injunction.  *Id.*

10 **III.     Discussion**

11      Wells Fargo argues that it was substantially injured by the stay of its foreclosure sale

12 pending plaintiff's unsuccessful appeal.  This court agrees and executes bond in full for the

13 following reasons.  In light of this decision, plaintiff's motion for partial summary judgment, (ECF

14 No. 115), and release of bond, (ECF No. 116), are denied as moot.

15      *A.   Wrongful Injunction*

16      This court finds that Wells Fargo was wrongfully stayed from conducting its foreclosure.

17 Indeed, a party is wrongfully enjoined when it had a right all along to do what it was enjoined from

18 doing.  *See Nintendo,* 16 F.3d at 1036.  This reasoning is quite simply applied here.  This court

19 determined that an injunction on Wells Fargo's foreclosure sale was unnecessary, (ECF No. 86),

20 and the Ninth Circuit affirmed that decision, (ECF No. 107 & 108).  The stay in question

21 appropriately occurred, because the parties litigated this question.  However, ultimately, Wells

22 Fargo was correct and entitled to conduct its foreclosure sale in December.  Bond exists for the

23 very reason of ameliorating any damage that occurred in light of these delays.

24      *B.   Suffered Injury*

25      This court finds that Wells Fargo suffered injury as a result of the stay on its foreclosure

26 sale.  "[T]here is a rebuttable presumption that a wrongfully enjoined party is entitled to have the

27 bond executed and recover provable damages up to the amount of the bond." *Nintendo*, 16 F.3d at

28 1036–37.

**James C. Mahan**
**U.S. District Judge**

1    Defendant claims that it was specially harmed by the delay due to its inability to "foreclose

2    on the [p]roperty within the strict time limitations set under Nevada law for consummating a

3    foreclosure sale." (ECF No. 112).  Indeed, Wells Fargo is now unable to simple reschedule, but

4    instead, must restart the foreclosure proceedings by filing a new notice of default.  Defendant

5    contends that this additional delay is particularly costly due to the continued payment of "insurance

6    premiums, property taxes, and HOA dues" that Wells Fargo must conduct.  Even as plaintiff

7    continues to live on the property, Wells Fargo must expend considerable funds to maintain its

8    property interest until it may conduct its sale.  In practice, plaintiff has achieved the long delay in

9    foreclosure that she was looking for.  Wells Fargo has offered calculations that the total amount

10   owed by plaintiff for this measure is $212,912.24, which far exceeds the amount in bond.  (ECF

11   Nos. 112; 122).   Plaintiff fails to adequately refute these numbers, which the court is persuaded

12   are relevant to Wells Fargo's instant injury.  (ECF Nos. 112, 115, & 116).

13   Plaintiff argues that "a delay in a foreclosure sale" does not cause damages to the

14   foreclosing bank *as a matter of law*.  (ECF No. 112).  In asserting this claim, plaintiff misrepresents

15   the District of Arizona's reasoning in asserting this claim.  (*Id.*). There, the court reasoned through

16   the categories of damages and facts of the case to conclude that the alleged damages were not

17   proximate to the injunction.  *Carmichael Real Estate, LLC v. First Citizens Bank & Tr. Co.*, No.

18   CV-13-00793-PHX-ROS, 2014 WL 12558246, at *1 (D. Ariz. May 20, 2014).  It makes no

19   statements as a matter of law, let alone any that bind this court.  *Id.*  The damages stated by Wells

20   Fargo are not simply those that will be recovered on foreclosure nor are they expenses incurred in

21   litigating this matter.  Plaintiff rightfully notes that she is not responsible for additional delays due

22   to the COVID-19 pandemic or under Nevada law, but she is very much responsible for the halted

23   October and December sale dates.  Ultimately, defendant would have proceeded with its sale in

24   December if it were not for the stay.

25   Upon examining the record, an execution on bond in the full amount is appropriate.

26   "Although damages need not be proved to a mathematical certainty, 'sufficient facts must be

27   introduced so that a court can arrive at an intelligent estimate without speculation or

28   conjecture.'"  *Harmsen v. Smith*, 693 F.2d 932, 945 (9th Cir. 1982).  Sufficient facts exist in the

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   record to corroborate the injury alleged due to the wrongful delay of Wells Fargo's sale.  This

2   court finds with reasonable certainty that the wrongful injunction damages exceed the amount in

3   bond—$159,129.04.  Accordingly, Wells Fargo has demonstrated that it is presumptively entitled

4   to disbursement of the entire bond amount.  *See Nintendo,* 16 F.3d at 1036.

5   **IV.     Conclusion**

6           Accordingly,

7           IT IS HEREBY ORDERED, ADJUDGED, and DECREED that HSBC Bank USA, N.A.,

8   as trustee for Wells Fargo Home Equity Asset-Backed Certificates, Series 2006-3, by its Attorney-

9   in-fact Wells Fargo Bank, N.A.; Wells Fargo Bank, N.A.; and Wells Fargo Asset Securities

10  Corporation's motion to execute on bond, (ECF No. 111), be, and the same hereby is, GRANTED.

11          IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment on

12  defendant's claim for wrongful injunction, (ECF No. 115), and plaintiff's motion for release of

13  bond obligation, (ECF Nos. 113 & 116), be, and the same hereby are, DENIED as moot.

14          IT IS FURTHER ORDERED that the entire bond amount of $159,129.04, plus any accrued

15  interest, be executed in defendants' favor.

16          DATED July 6, 2020.

17          _____

18          UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**