UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDYTA GRYGLAK,<br><br>                      Plaintiff(s),<br><br>     v.<br><br>HSBC BANK USA, N.A., et al.,<br><br>                      Defendant(s). | Case No. 2:17-CV-1514 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff Edyta Gryglak's motion to reconsider this court's order and judgment executing bond. (ECF No. 130). Defendants HSBC Bank USA, N.A., as trustee for Wells Fargo Home Equity Asset-Backed Certificates, Series 2006-3, by its Attorney-in-fact Wells Fargo Bank, N.A.; Wells Fargo Bank, N.A.; and Wells Fargo Asset Securities Corporation's (collectively, "Wells Fargo") responded. (ECF No. 131). Plaintiff replied. (ECF No. 132).

On July 6, 2020, this court granted defendants' motion to execute the appeal bond. (ECF No. 127). Plaintiff now moves this court to reconsider pursuant to Rule 59(e). (ECF No. 130).

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation." *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 887, 890 (9th Cir.2000)).

**James C. Mahan**
**U.S. District Judge**

Plaintiff presents no new facts or law. (ECF Nos. 130, 132). Plaintiff instead contends that this court committed clear error when it: 1) "prematurely" found that defendants were wrongfully enjoined, and 2) found that "[t]he damages stated by Wells Fargo are not simply those that will be recovered on foreclosure." (ECF No. 130). This court disagrees.

Plaintiff argues that this court clearly erred by failing to address her argument that bond is premature. (*Id.*). Clear error requires a "definite and firm conviction that a mistake has been committed." *S.E.C. v. Rubera*, 350 F.3d 1084, 1093 (9th Cir. 2003) (*citing Easley v. Cromartie,* 532 U.S. 234, 242 (2001)). In support of her position, plaintiff regurgitates prior argument which this court considered and found meritless. (ECF No. 130). Plaintiff states that "[a] determination that a defendant was wrongfully enjoined cannot be made until after final judgment on the merits and any appeals have been resolved," (*id.*), citing cases in the context of a bond posted due to preliminary injunctions that existed up until final judgment. *See, e.g.*, *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.,* 16 F.3d 1032, 1036 (9th Cir. 1994); *Gametech Int'l, Inc. v. Trend Gaming Sys., LLC*, No. CV-01-540-PHX-LOA, 2005 WL 1473982, at *2 (D. Ariz. June 21, 2005). Here, the bond was posted pending interlocutory appeal.

The merits of the relevant controversy were reached: The interlocutory appeal concluded in defendant's favor thus lifting the stay. (ECF Nos. 107, 108). Again, "a party has been wrongfully enjoined within the meaning of Rule 65(c) when it turns out the party enjoined had the right all along to do what it was enjoined from doing." *Nintendo.*, 16 F.3d at 1036. Defendants would have conducted their foreclosure sale if not for plaintiff's appeal. (ECF No. 111). The only remaining claim before this court is unrelated to defendants' right to foreclose, and only entitles plaintiff to money damages, not a prevention of the sale. (ECF Nos. 1, 125). The same goes for the claims which this court dismissed; the complaint does not request an injunction of the foreclosure sale. (ECF No. 1). This court stated all the above in its prior order. (ECF No. 127). This reasoning addresses why this court's determination was not premature.

As to plaintiff's second claim of error, plaintiff states that this court clearly erred by stating that "[t]he damages stated by Wells Fargo are not simply those that will be recovered on foreclosure nor are they expenses incurred in litigating this matter." (ECF No. 130). This notion

James C. Mahan
U.S. District Judge

- 2 -

might possibly amount to clear error if this court had awarded more than the bond amount. However, the court did not. This court premised its ultimate disposition on the defendant's calculations. (*Id.*). Plaintiff wrongly asserts that this court stated as law that: "a delay in foreclosure may cause damages to the foreclosing bank where those damages 'are not simply those that will be recovered on foreclosure.'" (ECF No. 130). This court did not make this statement or limit itself under such a rule. (ECF No. 127). The order simply described possible damages, and separately, refuted plaintiff's incorrect claim that "'a delay in a foreclosure sale' does not cause damages to the foreclosing bank as a matter of law." (*Id.*). This court explicitly premised its decision to award the damages amount on the facts demonstrated by defendant. (*Id.*).

This being the third time that plaintiff has unsuccessfully moved this court to reconsider, (ECF Nos. 29, 95, 130), the parties are cautioned that "[a] movant who repeats arguments will be subject to appropriate sanctions." Local Rule LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts.").

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to reconsider (ECF No. 130) be, and the same hereby is, DENIED.

DATED September 10, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -