UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDYTA GRYGLAK,<br><br>    Plaintiff(s),<br><br>    v.<br><br>HSBC BANK USA, N.A., et al.,<br><br>    Defendant(s). | Case No. 2:17-CV-1514 JCM (NJK)<br><br>ORDER |

Presently before the court is defendants HSBC Bank USA, N.A., as trustee for Wells Fargo Home Equity Asset-Backed Certificates, Series 2006-3, by its attorney-in-fact Wells Fargo Bank, N.A.; Wells Fargo Bank, N.A.; and Wells Fargo Asset Securities Corporation's (collectively, "Wells Fargo") renewed motion for summary judgment. (ECF No. 151). Plaintiff Edyta Gryglak ("Gryglak") filed a response (ECF No. 156), to which Wells Fargo replied (ECF No. 164).

Also before the court is Gryglak's motion for partial summary judgment. (ECF No. 159). Wells Fargo filed a response (ECF No. 165), to which Gryglak replied (ECF No. 170).

Also before the court is Gryglak's motion to confirm that her failure to serve a Rule 26(a) initial disclosure was harmless. (ECF No. 160). Wells Fargo filed a response (ECF No. 166), to which Gryglak replied (ECF No. 171).

Also before the court is Wells Fargo's motion to strike a declaration (ECF No. 157) filed in support of Gryglak's motion for summary judgment and response to Wells Fargo's motion. (ECF No. 167). Gryglak filed a response (ECF No. 172), to which Wells Fargo replied (ECF No. 173).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

I.     **Background**

This breach of contract matter arises out of a mortgage loan Gryglak received from Wells Fargo in the original amount of $748,000.00. (ECF No. 14-1). The loan was secured by real property located at 1938 Grey Eagle Street, Henderson, Nevada, pursuant to a deed of trust in favor of Wells Fargo. *Id.*

On March 1, 2011, Gryglak filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada ("bankruptcy court"). (ECF No. 56 at 8). On August 22, 2011, Gryglak filed an amended plan of reorganization (the "POR"), which was confirmed on October 18, 2011. *Id.*

Following confirmation of the POR, Gryglak asserts that she sent Wells Fargo monthly checks for the plan-mandated mortgage payment amount of $1,824.07, in December 2011, and January 2012. (ECF No. 56-6 at 3). However, Wells Fargo never accepted the payments or applied them to Gryglak's account. *Id.*

In May 2012, after receiving notice that Wells Fargo had initiated foreclosure proceedings on the property, Gryglak reached out to the law firm that represented her in her 2011 bankruptcy and asked her lawyers to contact Wells Fargo regarding her missing payments. (ECF No. 56-15). After Gryglak's counsel made numerous attempts to make meaningful contact with Wells Fargo regarding Gryglak's payment schedule, all to no avail, Wells Fargo foreclosed on the property on June 25, 2012. *Id.* (ECF No. 56 at 12).

In response, on July 10, 2012, Gryglak filed a motion with the bankruptcy court, seeking to vacate the foreclosure sale on the grounds that she had attempted to make payments under the POR, which were all refused by Wells Fargo. (ECF No. 56-13). Thereafter, on October 12, 2012, Gryglak and Wells Fargo filed a stipulated order vacating the foreclosure sale and imposing sanctions against Wells Fargo to reimburse Gryglak and the purchaser at the foreclosure for their attorneys' fees and costs. (ECF No. 56-14).

Gryglak initiated this action on May 28, 2017. (ECF No. 1). After the court dismissed all but her claim for breach of contract, (ECF No. 25), Wells Fargo moved for summary judgment (ECF No. 45), and Gryglak moved for preliminary injunction (ECF No. 74). The court denied

both motions because the convoluted facts alleged by the parties did not clearly demonstrate that either party was entitled to summary judgment, and Gryglak did not show a likelihood of success on the merits of her claims.  (ECF No. 86).

After that order, two years passed while Gryglak pursued appeals and reconsideration on the court's orders denying preliminary injunction and setting bonds for the parties to proceed. (ECF Nos. 87, 94, 95, 101, 102, 108, 127, 135).  Then, on the parties' stipulation, the court re-opened the dispositive motions deadline for this matter on May 24, 2021.  (ECF Nos. 149, 150).

Now, Wells Fargo moves for summary judgment on Gryglak's sole remaining breach of contract claim on the basis that she failed to properly produce any evidence of her damages with her initial disclosure, before the discovery deadline, or at any point in the three years after.  (ECF No. 151).

Gryglak moves for partial summary judgment on the issue of liability for her breach of contract claim (ECF No. 159), and requests that this court hold that her failure to properly produce evidence of her damages in an initial disclosure was harmless under Federal Rule of Civil Procedure 37(c).  (ECF No. 160).  Wells Fargo moves to strike the declaration of Phil Neuman that Gryglak submitted along with her motion for partial summary judgment and response to Wells Fargo's motion for summary judgment.  (ECF No. 167).

**II.     Legal Standard**

   *a.*   <u>Discovery violations</u>

The district court is vested with broad authority to impose sanctions "as are just," so long as the court does not abuse its discretion in doing so.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).

Federal Rule of Civil Procedure 26(a) provides that a party must provide "a computation of each category of damages claimed by the disclosing party . . . ."  FED. R. CIV. P. 26(a)(1)(A)(iii). Rule 26(e) provides that a party must "supplement or correct" its disclosures "in a timely manner

. . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

District courts have broad discretion to issue sanctions under Rule 37 if a party does not comply with Rule 26 disclosure requirements. *See* Fed. R. Civ. P. 37(c)(1); *Yeti*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti*, 259 F.3d at 1106.

A party's failure to properly disclose or supplement information required by Rule 26(a) or (e) bars the party from using that information as evidence at trial unless the failure was substantially justified or harmless. FED. R. CIV. P. 37(c)(1); *Yeti*, 259 F.3d at 1106. When preclusion sanctions amount to dismissal of a claim, however, the district court must find wilfulness, fault, or bad faith, and consider the availability of lesser sanctions. *R&R Sales, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

b. <u>Summary Judgment</u>

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480

James C. Mahan
U.S. District Judge

- 4 -

(9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

The motions before the court all concern Gryglak's attempt to present evidence of damages to support her motion for partial summary judgment and to oppose Wells Fargo's motion for summary judgment. Specifically, Gryglak argues that she has shown damages in the form of 1) escrow charges, 2) expenses in defending foreclosure proceedings, 3) late fees, and 4) inability to refinance her home "at today's low interest rates." (*See* ECF No. 156 at 2–3). These damages are allegedly supported by the declaration of Gryglak's boyfriend, Phil Neuman. (ECF No. 157).

Wells Fargo argues that these damages do not save Gryglak's breach of contract claim from summary judgment for several reasons, the most glaring of which is that she never disclosed those damages in accordance with Rule 26. Gryglak admits that she first alleged escrow damages in her response (ECF No. 56) to Wells Fargo's original motion for summary judgment (ECF No. 45), and first alleged that she suffered the other three categories of damages (the "new damage theories") in her response (ECF No. 156) to Wells Fargo's renewed motion for summary judgment (ECF No. 151). Yet, Gryglak never disclosed nor provided the computations of these categories of damages in an initial disclosure as required by Rule 26(a).

Thus, the court first determines whether Gryglak's failure to disclose her damages violated Rule 26, then whether and what sanctions are appropriate if she did, then whether either party is entitled to summary judgment on the evidence properly before the court. Consistent with this order, the court holds that Gryglak did violate Rule 26, that her improperly disclosed damages must be excluded from supporting her motions and responses, and that Wells Fargo is entitled to summary judgment.

*a.* <u>Gryglak violated Rule 26 by failing to properly disclose her damages</u>

Wells Fargo argues that Gryglak violated her responsibility under Rule 26 to timely produce her category and computation of damages. Gryglak admits that she failed to timely produce her damages but argues that her failure was substantially justified and harmless.

Unless otherwise exempted, "a party must, without awaiting a discovery request" provide the opposing party with initial disclosures pursuant to Rule 26(a). FED. R. CIV. P. 26(a)(1)(A). As part of its initial disclosures, a party must provide:

**James C. Mahan**
**U.S. District Judge**

>  a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

FED. R. CIV. P. 26(a)(1)(A)(iii).  Unless a different time is set by stipulation or court order, initial disclosures must be made within 14 days of the parties Rule 26(f) conference.  FED. R. CIV. P. 26(a)(1)(C).  A party is not excused from making its initial disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.  FED. R. CIV. P. 26(a)(1)(E).

Here, Gryglak did not provide her "category" or "computation" of damages in an initial disclosure.  In fact, Gryglak admits that she *never* submitted an initial disclosure.  (ECF No. 160).  Therefore, the court holds that Gryglak violated her discovery responsibilities under Rule 26 by failing to properly produce her categories and calculations of damages.

>  b. <u>Gryglak's purported damages are excluded because Gryglak's failure to produce was neither substantially justified nor harmless</u>

Rule 37(c) "gives teeth" to the requirements of Rule 26(a) and Rule 26(e).  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Courts are given particularly wide latitude to issue sanctions under Rule 37(c)(1).  *Id.* (citation omitted).  However, Rule 37 expressly provides that a party that fails to provide information as required by Rule 26(a) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c)(1).

The party facing sanctions under Rule 37(c)(1) has the burden of showing that any failure is substantially justified or harmless.  *See, e.g.*, *Yeti*, 259 F.3d at 1107.  Therefore, to use her improperly disclosed damages to support her motion and responses, Gryglak must show that her violation was substantially justified or harmless.  The court holds that she has not.

Gryglak argues that her violation was substantially justified because she didn't learn of the escrow charges until Wells Fargo produced the mortgage payments on May 10, 2018.  (ECF No. 160 at 3–4).  She then argues that she still failed to disclose her escrow damages in her July 6, 2018, interrogatories because the mortgage statements disclosing those payments had been

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  produced "less than two months before. . . . [and] are convoluted and difficult to understand."
2  (*Id.*).[1]

3  Yet, the escrow payments are listed in plain print directly between the principal and interest payments and the "current monthly payment" section, which was clearly the sum of the principal, interest, and escrow payments. (*See, e.g.*, ECF No. 165-1 at 4–178) (providing an "escrow payment" as well as an "escrow balance" for each monthly payment between February of 2014 and April of 2021). This information was not so convoluted as to prevent its disclosure when it was required by the Federal Rules of Civil Procedure. In arguing that she noticed the mortgage statement charges after Wells Fargo submitted its first motion for summary judgment, Gryglak tacitly admits that her failure to properly disclose the escrow damages is due to her own lack of diligence, not Wells Fargo's. (*See* ECF No. 160 at 4).

Gryglak's remaining arguments are nothing more than meritless attempts to shift her discovery responsibilities onto Wells Fargo. (*See* ECF Nos. 160; 171). Regardless of what Wells Fargo did and could have done after discovery closed, it was Gryglak's responsibility to investigate her damages, her responsibility to timely update the damages as she gained new evidence, her responsibility to officially disclose her new theories of damages, and her responsibility to provide a calculation of those damages so Wells Fargo knew what it was defending itself from.

Accordingly, Gryglak's failure to comply with her discovery obligations under Rule 26, including *never* filing initial disclosures to support any of the damages she now claims, is not substantially justified.

Similarly, the court disagrees with Gryglak's argument that her Rule 26 violation was harmless. The Ninth Circuit has articulated several factors for courts to consider when determining whether a party's violation of Rule 26 is harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not disclosing the

---

[1] As to her new theories of damages, Gryglak fails to argue that her failure to disclose them was substantially justified or harmless.

**James C. Mahan**
**U.S. District Judge**

- 8 -

evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

First, Wells Fargo is prejudiced by Gryglak's violation. Though Wells Fargo did not disclose the escrow charges until just before the discovery deadline, Gryglak failed to properly disclose that she sought those damages. Had she done so, Wells Fargo could have moved for summary judgment on the issue of those damages or settled this matter without motion practice. Instead, Gryglak continued this litigation for more than two years while she pursued appeals and reconsideration on the court's orders denying preliminary injunction and setting bonds. (ECF Nos. 87, 95, 102). Thus, Wells Fargo was prejudiced by being denied the opportunity to litigate this matter in consideration of Gryglak's claimed damages.

Next, Gryglak lacks the ability to cure the prejudice. While attorney's fees could ostensibly alleviate some prejudice, money alone cannot remedy the time and burden imposed by needlessly prolonging this litigation for years without clearly defining what damages Wells Fargo was to defend itself against.

Next, trial has already been disrupted. Without properly disclosed damages, the parties have not been able to continue these proceedings to trial because Wells Fargo didn't know what damages to defend itself against. Thus, even though trial is not currently set, Gryglak's violation has disrupted trial.

Finally, Gryglak's violation reeks of bad faith. The damages she now seeks—escrow damages and an assortment of damages that would not withstand summary judgment analysis[2]—

---

[2] Those damages include "expenses to defend against Wells Fargo's foreclosure proceedings," "Wells Fargo['s] charg[ing] Ms. Gryglak for late fees," and that "Ms. Gryglak could have refinanced her mortgage at today's low interest rates, saving almost $100,000." As to Gryglak's argument regarding expenses to defend against foreclosure proceedings and late fees, the $6,000 Neuman claims to have spent on mediation added to the assortment of $25 late fees does not reach the jurisdictional threshold to give this court subject matter jurisdiction over this sole remaining breach of contract claim. Further, the court has already held that it is uncontroverted that Gryglak did not pay on her mortgage at any time after 2014, so the late fees cannot constitute damages resulting from Wells Fargo's breach. (*See* ECF No. 86). As to Gryglak's argument that she "could have refinanced" her mortgage at today's low interest rates, the court plainly rejects this under one of the very fundamental concepts of standing; that damages must be more than merely hypothetical. Thus, even considering the disputed facts in the light most favorable to Gryglak, none of her newly alleged damages satisfy the damages element of her breach of contract claim to the point that her claim would survive summary judgment.

**James C. Mahan**
**U.S. District Judge**

- 9 -

were readily available for Gryglak to disclose years ago or too hypothetical to be seriously considered at summary judgment. Yet, instead of producing them in discovery, she chose to assert them *in her responses to Wells Fargo's motions for summary judgment*. Gryglak's violation thus burdened Wells Fargo with having to blindly respond to brand-new damages in the short deadlines to reply to her responses. This gamesmanship serves only to prevent summary judgment by keeping the record convoluted and preventing Wells Fargo from crafting arguments to potentially dispose of Gryglak's damages as a matter of law.

Accordingly, Gryglak's violation was not harmless.

> *i. The appropriate sanction for Gryglak's violation is exclusion of her improperly disclosed evidence*

"If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, 'the degree and severity of which are within the discretion of the trial judge.' " *Cohen v. Hansen*, No. 2:12-cv-01401-JCM-PAL, 2014 WL 1873968, at *11 (D. Nev. May 8, 2014) (quoting *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998)). Typically, "Rule 37(c)(1) gives teeth to [discovery] requirements by forbidding the use at trial [and on a motion] of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti*, 259 F.3d at 1106.

Nevertheless, the Ninth Circuit has identified five factors for the district court to consider before imposing such a severe sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) (quoting *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)) (discussing dismissal).

Here, the *Payne* factors support the sanction Wells Fargo seeks, precluding Gryglak from using the information she failed to disclose to support her motion for partial summary judgment and her response to Wells Fargo's motion for summary judgment. *See* FED. R. CIV. P. 37(c)(1)(C).

The public's interest in expeditious resolution of litigation and the court's need to manage its docket both favor exclusion of evidence because exclusion allows the court to determine summary judgment now instead of denying it due to Gryglak's springing new facts onto the record at the last moment.

James C. Mahan
U.S. District Judge

Next, Wells Fargo is at risk of prejudice. Without exclusion, Wells Fargo would be further prejudiced as it already has by defending itself from these new and seemingly meritless claims of damages that Gryglak offered in response to Wells Fargo's motion.

Next, the public policy favoring disposition of cases on their merits also supports this sanction because it allows the court to review the motions for summary judgment on the merits of the evidence properly produced and supported, neither of which are the case for the stricken evidence. *See supra* note 2.

Finally, less drastic sanctions would do little to remedy the harm caused by Gryglak's violation. For example, attorney's fees would not remedy the time this matter has languished and there are no relevant parts of Gryglak's pleadings to strike other than her sole remaining breach of contract claim.

In summary, Gryglak's bad faith failure to disclose her damages is tantamount to an admission that she has no damages.[3] The proper remedy is thus to preclude her from offering her improperly disclosed damages. Accordingly, the court GRANTS Wells Fargo's motion to strike (ECF No. 167) and DENIES Gryglak's motion to confirm her discovery violation was harmless (ECF No. 160). The declaration of Phil Neuman (ECF No. 157) is stricken, and Gryglak cannot support her motion or response by claiming damages from escrow charges or her new damage theories.

    *c.* <u>Wells Fargo's and Gryglak's dueling motions for summary judgment</u>

As previously discussed, Gryglak is precluded from offering her proposed new forms of damages in her motion for summary judgment and in opposition to Wells Fargo's motion. Without the escrow damages or her new theories of damages, Gryglak shows nothing to support that she has damages from Wells Fargo's alleged breach.

Thus, Wells Fargo correctly argues that Gryglak has failed to show any damages to support her breach of contract claim. Similarly, Gryglak fails to show that she is entitled to summary

---

[3] To the extent that this sanction amounts to dismissal, the court has considered lesser sanctions and finds Gryglak's discovery conduct to be in bad faith. *R&R Sales, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (holding that when preclusion sanctions amount to dismissal of a claim the district court must consider the availability of lesser sanctions and must find willfulness, fault, or bad faith).

**James C. Mahan**
**U.S. District Judge**

- 11 -

judgment as to Wells Fargo's liability because she fails to show that Wells Fargo's breach caused her any damages. Therefore, Gryglak's breach of contract claim fails as a matter of law, and Wells Fargo is entitled to summary judgment.

Accordingly, the court GRANTS Wells Fargo's motion for summary judgment as to Gryglak's breach of contract claim (ECF No. 151) and DENIES Gryglak's motion for partial summary judgment (ECF No. 159).

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wells Fargo's motion to strike (ECF No. 167), be, and the same hereby is, GRANTED. The declaration of Phil Neuman (ECF No. 157) is stricken, and Gryglak cannot support her motion or response by claiming damages from escrow charges or her new damage theories.

IT IS FURTHER ORDERED that Gryglak's motion to confirm that her failure to serve a Rule 26(a) initial disclosure was harmless (ECF No. 160), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Gyglak's motion for summary judgment (ECF No. 159), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Wells Fargo's motion for summary judgment (ECF No. 151), be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment in favor of Wells Fargo and close this matter accordingly.

DATED March 29, 2022.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge